Nott, J.
delivered the opinion of the Court.
Various questions in relation to the regularity of the proceedings, and the effect of the decree of the ordinary, are involved in this case, which it is not now necessary to consider. The only question claiming our attention is embraced in the fourth ground of appeal, which is in the following words.
“ That there was no evidence of the default of the administrator, in not paying or rendering the sum stated to be due in the ordinary’s decree to the minor, Henry Murray, or demand being made by any person competent to receive the same, be being a minor, and not capable of receiving payment of his distributive share.”
The act of 178.9, commonly called the executor’s law, requires an administrator to give bond, with a condition that he will administer the goods, chattels, and credits according to law, and make a just and true account of his actings and doings therein, when required by the said Court (of ordinary,) and all the rest of the said goods, chattels, and credits, which shall be found remaining upon the account of the said administration, the same first being allowed by the said Court, shall deliver and pay to such persons respectively as are intitled to the same by law. The administrator in this case did account when required by *205 the ordinary, and a certain sum was found to be due, which he was desired to pay. And the question now is, whether he has tor-feited the condition of his bond, by neglecting to pay over the money so decreed to be due. The condition of the bond is, that he shall pay over to the person who is intitled to the same by law. The person intitled by law in this case, was Henry Murray. He could not pay to him because he was an infant, and was not in-titled to receive the money until he came of age. He had no guardian and therefore there was no person to whom he could pay. It is said, however, that he ought to have paid it over to the prochein amy of the infant. But a prochein amy is not intitled to the custody of either the- person or property of the infant. He is, to use a phrase which seems to have gained currency in this Court, a mere “ man of strawset up for the purpose of managing his cause in Court, but not to receive his property or money. When that becomes necessary a guardian must be appointed, which the ordinary might have done in this case. And until that was 'done, there was no person to whom the administrator could have paid, and therefore no right of action had accrued. The administrator gives security for the faithful administration of the estate. The prochein amy gives none. The administrator has the care of the infant as well as of his estate, where there is no parent or guardian. And, although, in this instance, the defendant might un-doubtédly have paid the money with great safety to the prochein amy, yet he was under no legal obligation to have done so. And to deliver over the infant and his property to a person giving no security, for the faithful discharge of the duties thereby incurred, upon his styling himself a prochein amy, might, in many cases, literally be agnum committere lupo, ad devorandum. The defendant therefore has committed no breach of his bond; and the motion to set aside the verdict must prevail.
The case of Wallis v. Gill, 3 M'C. 475, has been referred to in the course of the argument. I do not consider it as having any bearing on the case now under consideration. And I notice it only for the purpose of qualifying some expressions there used, which appear to have made an erroneous impression. It was not intended to lay down an unqualified rule, that the Court would, in no case, entertain an appeal from the ordinary, in eases involving the settlement of accounts. But that the Court *206 would not undertake to examine accounts settled by the ordinary, unless upon some distinct allegation of error in point of law or fact. The ordinary may adopt an erroneous principle in settling an account, or may commit an error iii point of law, which it would be the duty of the Court to correct. In that case the opinion of the Court was delivered by myself. It was a hasty opiniou, and illy digested throughout. And one with which I have always been dissatisfied ; but discovered the error too late to supress the publication. The decision itself, however was correct, so that the parties did not suffer. I have there said, “ I are disposed to think, that where an appeal is of such a nature that it can be entertained in a Court of law, the jury ought to hear the witnesses.” But my subsequent reflections have led me to a different conclusion. I was led to make that observation from the practice which has prevailed in our Courts, of hearing appeals from the ordinary de novo, where the execution of a will is involved. But I am now satisfied that in all other cases, they ought to be brought up and tried in the same manner, as from any other Court from which appeals are allowed.
Motion granted.